

March 22, 2011

CHRISTOPHER R. WARD
214.651.4722
Direct Fax: 214.659.4108
christopher.ward@strasburger.com

Honorable Barbara M.G. Lynn
United States District Court Judge
Northern District of Texas
1100 Commerce St., Room 1452
Dallas, Texas 75242

Re:   *Fidelity and Deposit Company of Maryland v. Murillo Modular Group, Ltd., NM & SM Development, Ltd., Lonestrella, LLC, Allo Construction & Engineering, LLC d/b/a Ace Mechanical, Nick L. Mackie, Individually, Kristi Mackie, Individually, Susan Murillo, Individually, Salvador V. Murillo, Individually, and Leonard Murillo, Individually*, Civil Action No. 3-11-cv-0382-M, in the United States District Court for the Northern District of Texas, Dallas Division

Honorable Judge Lynn:

Pursuant to this Court's Amended and Extended Temporary Restraining Order entered on March 17, 2011, I am writing on behalf of Plaintiff Fidelity and Deposit Company of Maryland ("F&D") to report to the Court with respect to the parties attempt to reach an agreement as to the terms of a preliminary injunction. Although counsel for the parties have conferred and reached agreement on some of the terms (as reflected in the attached proposed orders being presented to the Court by the parties), no final agreement has been reached.

For the reasons set forth in F&D's Original Complaint and Application for Temporary Restraining Order, Preliminary Injunction, and Other Equitable Relief, F&D's Brief in Support of Injunctive Relief filed on March 15, 2011, and the arguments to this Court, F&D maintains that it is entitled to an injunction and an order requiring the deposit of collateral by all defendants except Allo Construction & Engineering, LLC d/b/a Ace Mechanical and Leonard Murillo. In this respect, we are submitting another proposed order that we believe tracks the evidence submitted, the applicable law, and provides for appropriate exceptions which will allow Murillo Modular Group, Ltd., to make disbursements necessary to complete ongoing projects and pay ordinary overhead expenses.

F&D has made clear that it remains willing to continue an open dialogue with Defendants and, in that respect, has left open the possibility in paragraph (1)(d) of the proposed order of agreement in the future to certain reasonable expenditures otherwise prevented by the injunctive relief. That said, proposals thus far from Defendants have included various exceptions which F&D maintains are inappropriate. For instance,

3367012.1/SP/33310/0639/032211    Strasburger & Price, LLP

901 Main Street, Suite 4400 • Dallas, Texas 75202.3794 • 214.651.4300 tel • 214.651.4330 fax • www.strasburger.com

Austin • Collin County • Dallas • Houston • New York • San Antonio • Washington D.C.

Strasburger & Price, SC - Mexico City



Honorable Judge Barbara M.G. Lynn
March 22, 2011
Page 2

Defendants have suggested that the individual defendants should be allowed to pay, out of their personal assets, for the legal fees and expenses of Murillo Modular Group, Ltd. Such transfer of assets from an individual debtor to a corporate debtor would inappropriately deplete the assets available both to F&D and Compass to satisfy their respective debts. If Murillo Modular Group, Ltd. is unable to meet their ordinary expenses as due, that is a matter more appropriately presented to a bankruptcy court. Furthermore, in paragraph (1)(d) of Murillo Modular Group's proposed injunction order, Murillo Modular Group seeks an exception for payments to Compass Bank, a competing creditor. Such an exception is inappropriate.

Accordingly, F&D requests that the attached Preliminary Injunction be entered by this Court.

Yours very truly,

Christopher R. Ward
CRW/kmo
Attachment
cc:   Ann Sullivan
      Mike Alfred
      Robert Wilson
      Jeff Novel