IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FIDELITY & DEPOSIT COMPANY OF MARYLAND, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| MURILLO MODULAR GROUP, LTD., NM & SM DEVELOPMENT, LTD., LONESTRELLA, LLC, ALLO CONSTRUCTION & ENGINEERING, LLC D/B/A ACE MECHANICAL, NICK L. MACKIE, Individually, KRISTI MACKIE, Individually, SUSAN MURILLO, Individually, SALVADOR V. MURILLO, Individually, and LEONARD MURILLO, Individually, | § § § § § § § § § § § § | No. 3:11-CV-0382-M |
| Defendants. | § | |

**PRELIMINARY INJUNCTION**

CAME ON TO BE HEARD on March 16, 2011, Fidelity & Deposit Company of Maryland's ("F&D") application for a preliminary injunction following this Court's issuance on March 4, 2011 of a temporary restraining order and injunction [Document 11] against Murillo Modular Group, Ltd., NM & SM Development, Ltd., Lonestrella, LLC, Allo Construction & Engineering, LLC d/b/a Ace Mechanical, Nick L. Mackie, Individually, Kristi Mackie, Individually, Susan Murillo, Individually, Salvador V. Murillo, Individually, which was later amended and extended by this Court on March 17, 2011.

Based upon the evidence presented to the Court, and after hearing arguments of counsel for F&D and the various Defendants, the Court finds that F&D is entitled to the continuation of injunctive relief as set forth hereinbelow against Defendants Murillo Modular Group, Ltd., NM & SM Development, Ltd., Lonestrella, LLC, Nick L. Mackie, Kristi Mackie,

Susan Murillo, and Salvador V. Murillo (referred to as "Injunction Defendants" herein).

This Court finds that F&D has demonstrated that it has a substantial likelihood of success at trial on the merits of its claims against the Injunction Defendants. In particular, the Court finds that there is a substantial likelihood that F&D will prevail against the Injunction Defendants on its claims for exoneration and indemnity under the Agreement of Indemnity between F&D and the Injunction Defendants dated June 30, 2008 (the "Agreement of Indemnity"). Based on the evidence of claims already submitted to and paid by F&D, it will likely be found at trial that over $1.3 million in claims have been made on Payment Bond No. PRF 8943839 issued by F&D for the construction of a child development center at Fort Benning, Georgia (the "Project") as to which Defendant Murillo Modular Group, Ltd. was the principal. The Injunction Defendants have failed to exonerate and indemnify F&D for such claims and, thus, it would likely be found at trial that the Injunction Defendants breached the Agreement of Indemnity. Moreover, the Court finds that there is a substantial likelihood that F&D will prevail on the merits of its claims against the Injunction Defendants for breach of fiduciary duty because it would likely be found at trial that the Trust Fund provision of the Agreement of Indemnity imposed fiduciary duties on the Injunction Defendants to hold in trust all funds identified therein and, with knowledge of the trust character of the funds, Injunction Defendants did not hold in trust all funds identified as trust funds in the Agreement of Indemnity.

The Court further finds that F&D has demonstrated a substantial threat of imminent and irreparable harm for which it has no adequate remedy at law. In particular, the Court finds that F&D has already incurred substantial losses as a result of the Injunction Defendants' actions in the form of paid claims under the Payment Bond and in attorneys' fees and other expenses, faces the imminent threat of more losses, and has posted a reserve for such losses and anticipated

losses of $1,035,001.00. Injunction Defendants have failed to exonerate and indemnify F&D despite demand, and have failed to comply with other obligations to F&D under the Agreement of Indemnity and the law, including the duty to provide F&D with collateral in the amount of its posted reserve of $1,035,001.00. The Court further finds there is a substantial risk of wrongful transfers or secreting of assets by Murillo Modular Group, Ltd. and Salvador Murillo. F&D will suffer irreparable injury if it is not exonerated and indemnified by Injunction Defendants pursuant to the Agreement of Indemnity and Injunction Defendants are left free to sell, transfer, dispose of, lien, secure, or otherwise divert or conceal their assets from being used to discharge their obligations to exonerate and indemnify F&D. Any judgment for money damages without according F&D the relief specifically bargained for in the Agreement of Indemnity, including the right to be immediately exonerated and indemnified, is not an adequate remedy and would irreparably harm F&D by depriving it of the prejudgment relief to which it is contractually entitled.

This Court further finds that F&D has demonstrated that the threatened harm to F&D outweighs the threatened harm to the Injunction Defendants if this Order is granted. In particular, the Court finds that F&D is willing to post an injunction bond to protect Injunction Defendants against any potential injury stemming from the issuance of this Order, according to the terms thereof. Moreover, the likely injury to F&D is imminent and irreparable in that F&D stands to lose its rights to be exonerated and indemnified for which it bargained as set forth in the Agreement of Indemnity. This harm outweighs the harm to the Injunction Defendants in having to exonerate and indemnify F&D as agreed in the Agreement of Indemnity.

This Court further finds that F&D has demonstrated that the issuance of this Order will not disserve the public interest. The specific relief granted herein relates solely to Injunction

Defendants and will have no direct or indirect effect upon the public at large.

This Court further finds that F&D has the right under the Agreement of Indemnity to reasonable access to the books, records, and accounts of the Injunction Defendants.

It is, therefore, ORDERED that the Injunction Defendants shall deposit with F&D collateral in the amount of $1,035,001.00. This shall be a joint and several obligation of Injunction Defendants. Said collateral shall be in cash, or negotiable securities or unencumbered property acceptable to F&D.

It is further ORDERED that until the full amount of such collateral has been deposited, and accepted by F&D, the Injunction Defendants, their officers, agents, servants, employees, and those in active concert with them, are enjoined and are commanded forthwith to desist and refrain from the following without first obtaining permission from this Court:

(1) spending, transferring, withdrawing, dissipating, selling, encumbering, utilizing, manipulating, or otherwise failing to preserve any property, including, but not limited to, monies, investments, or other funds held in cash or any bank, financial, or other account, except as reasonably necessary to preserve the value of the account

    (a) in the name of Murillo Modular Group, Ltd., NM & SM Development, Ltd. and Lonestrella, LLC, Nick L. Mackie, Individually, Kristi Mackie, Individually, Susan Murillo, Individually, and Salvador V. Murillo or owed to these parties as a related party transaction; or

    (b) into which funds due Murillo Modular Group, Ltd. under the Contract were deposited at any time in the past or currently are held; or

    (c)    into which funds due or paid to Murillo Modular Group, Ltd. as a result of the settlement of litigation between it and Atlantic Marine Construction Co., Inc. were deposited at any time in the past, or will be deposited, or are currently held, but excluding funds held in trust by Crenshaw, Ware & Martin, P.L.C. which are not payable to Murillo Modular Group, Ltd., but rather to subcontractors and vendors of Murillo Modular Group, Ltd. in no way controlled or managed by any of the Defendants or related companies or insiders. Murillo Modular Group, Ltd. shall provide to F&D, by the tenth (10th) calendar day of each month, notice of any funds withdrawn and the persons and/or entities to whom such funds were paid from the sums held in trust by Crenshaw, Ware & Martin, P.L.C.; or

    (d)    Notwithstanding anything to the contrary herein, Defendants may make payments contrary to the above upon the written agreement and consent of F&D or as ordered by the Court.

It is further ORDERED that all of the Injunction Defendants and Defendant Allo Construction & Engineering, LLC d/b/a Ace Mechanical, their officers, agents, servants, employees, and those in active concert with them are enjoined and are commanded forthwith to desist and refrain from the following without first obtaining permission from this Court:

    (2)    hiding, deleting, destroying, altering or overwriting any evidence in paper electronic form that may in any way relate to the business of Murillo Modular Group, Ltd., NM & SM Development, Ltd., Lonestrella, LLC, Allo Construction & Engineering, LLC d/b/a Ace Mechanical, Nick L. Mackie, Individually, Kristi Mackie, Individually, Susan Murillo, Individually, and Salvador V. Murillo,

Individually, including, but not limited to, any data on any laptop computer, desktop computer, external storage media, or handheld device in any Defendant's possession, custody, control, wherever located; and

It is further ORDERED that:

(3)   Injunction Defendants shall continue to provide F&D with reasonable access to the books, records, and accounts of Defendants Murillo Modular Group, Ltd., NM & SM Development, Ltd., Lonestrella, LLC, Nick L. Mackie, Individually, Kristi Mackie, Individually, Susan Murillo, Individually, and Salvador V. Murillo, Individually, as previously ordered;

It is further ORDERED that, notwithstanding anything herein to the contrary:

(4)   Defendants Nick L. Mackie, Kristi Mackie, Susan Murillo, and Salvador V. Murillo will be allowed to make such payments as are ordinary, typical and necessary for their regular living expenses or the servicing of any of their secured debts, including transfers from one account to another account subject to this Order as necessary to meet reasonable living expenses, but not to undertake any new such expenses or debts without further leave of court.

(5)   Defendant Murillo Modular Group, Ltd. shall be allowed to make such payments as are ordinary, typical and necessary for the direct project costs and overhead, including payments to subcontractors and suppliers who provide labor and material (not including any obligations, including salary, owed to, any of the Injunction Defendants, or any entity acting as a subcontractor or otherwise, in which any of the Injunction Defendants have a direct financial interest) associated with the following existing contracts: (1) Contract No. W91236-09-C-OIO1

("Sierra Army Depot Commander's Quarters"); and (2) Contract No. VA-2S7-C-0588 ("Design Build Parking Garage at the VA North Texas Healthcare System"), or for other warranty work on Murillo Modular Group, Ltd. contracts, or for new contract work obtained by Murillo Modular Group, Ltd., and shall also be permitted to pay the ordinary, typical, necessary, and reasonable overhead expenses of Murillo Modular Group, Ltd., including, but not limited to rent, telephone, payroll, and utilities;

(6) By the tenth (10th) calendar day of each month, Injunction Defendants shall provide F&D with an accounting of all expenditures made pursuant to paragraphs (4) and (5) of this Order.

(7) F&D will provide Defendants with documentation reflecting payment on claims paid by F&D pursuant to the Indemnity Agreement, to include, but not be limited to, any releases, assignments and settlement documentation obtained.

It is further ORDERED, as previously set forth in the Court's Temporary Restraining Order, that by April 4, 2011:

(8) The Injunction Defendants shall provide F&D with an accounting of the Contract (as defined in the Temporary Restraining Order of March 4, 2011) proceeds and their disbursement.

It is further ORDERED that the Bond previously filed by F&D with the Court on March 7, 2011, in the amount of Five Hundred Thousand Dollars ($500,000) shall be continued during the pendency of this Preliminary Injunction, or further order of the Court.

This Order expires on August 21, 2011, at five o'clock p.m., or upon trial of the permanent injunction request, whichever is later, unless otherwise ordered by the Court.

SIGNED this 23d day of March 2011, at 4:54 P.M.

_____
BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS